**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| LORUSSO CORPORATION,<br><br>*Plaintiff,*<br><br>*v.*<br><br>RICHMOND SAND AND GRAVEL, INC., RICHMOND HOLDING CORPORATION, and PETER CALCAGNI,<br>*Defendants*<br><br>*v.*<br>GERRY LORUSSO<br><br>*Defendant in Counterclaim* | Case Number: 07-313 |

## DEFENDANTS' ANSWER AND COUNTERCLAIM

**NOW COME**, the Defendants, Richmond Sand & Gravel, Inc., Richmond Holding Corporation, and Peter Calcagni, (hereinafter, the "Defendants"), and hereby Answer the Plaintiff's, Lorusso Corporation (hereinafter, the "Plaintiff"), Verified Complaint and assert its Counterclaim as follows:

## PARTIES

1. Defendants are without sufficient information to neither admit nor deny the allegation asserted in Paragraph 1 of the Plaintiff's Complaint and therefore leave the Plaintiff to its burden of proof.

2. Defendants admit the allegations asserted in Paragraph 2 of the Plaintiff's Complaint.

3. Defendants admit the allegations asserted in Paragraph 3 of the Plaintiff's Complaint.

4. Defendants admit the allegations asserted in Paragraph 4 of the Plaintiff's Complaint.

**JURISDICTION AND VENUE**

5. Defendants are without sufficient information to either admit or deny the allegations as asserted in Paragraph 5 of the Plaintiff's Complaint and therefore leave the Plaintiff to its burden of proof.

6. Defendants are without sufficient information to either admit or deny the allegations as asserted in Paragraph 6 of the Plaintiff's Complaint and therefore leave the Plaintiff to its burden of proof.

**FACTS**

7. Defendants deny the allegations as asserted in Paragraph 7 of the Plaintiff's Complaint.

8. Defendants neither admit nor deny the allegations as asserted in Paragraph 8 of the Plaintiff's Complaint, as the document speaks for itself.

9. Defendants neither admit nor deny the allegations as asserted in Paragraph 9 of the Plaintiff's Complaint, as the document speaks for itself.

10. Defendants deny the allegations as asserted in Paragraph 10 of the Plaintiff's Complaint.

11. Defendants neither admit nor deny the allegations as asserted in Paragraph 11 of Plaintiff's Complaint, as the document speaks for itself.

12. Defendants neither admit nor deny the allegations as asserted in Paragraph 12 of the Plaintiff's Complaint as the document speaks for itself.

13. Defendants admit the allegations asserted in Paragraph 13 of the Plaintiff's Complaint.

14. Defendants neither admit nor deny the allegations as asserted in Paragraph 14 of the Plaintiff's Complaint, as the document speaks for itself.

15. Defendants admit the allegations as asserted in Paragraph 15 of the Plaintiff's Complaint.

16. Defendants neither admit nor deny the allegations as asserted in Paragraph 16 of the Plaintiff's Complaint, as the document speaks for itself.

17. Defendants deny the allegations as asserted in Paragraph 17 of the Plaintiff's Complaint.

18. Defendants are without sufficient information to either admit or deny the allegations as asserted in Paragraph 18 of the Plaintiff's Complaint and therefore leave the Plaintiff to its burden of proof.

19. Defendants are without sufficient information to either admit or deny the allegations as asserted in Paragraph 19 of the Plaintiff's Complaint and therefore leave the Plaintiff to its burden of proof.

20. Defendants are without sufficient information to either admit or deny the allegations as asserted in Paragraph 20 of the Plaintiff's Complaint and therefore leave the Plaintiff to its burden of proof.

21. Defendants deny the allegations as asserted in Paragraph 21 of the Plaintiff's Complaint.

22. Defendants are without sufficient information to either admit or deny the allegations as asserted in Paragraph 22 of the Plaintiff's Complaint and therefore leave the Plaintiff to its burden of proof.

23. Defendants are without sufficient information to either admit or deny the allegations as asserted in Paragraph 23 of the Plaintiff's Complaint and therefore leave the Plaintiff to its burden of proof.

24. Defendants admit that Calcagni did not sign the Joinder. As for the remaining allegations as asserted in Paragraph 24 of the Plaintiff's Complaint, the Defendants are without sufficient information to either admit or deny the allegations and therefore leave the Plaintiff to its burden of proof .

25. Defendants deny the allegations as asserted in Paragraph 25 of the Plaintiff's Complaint.

26. Defendants are without sufficient information to either admit or deny the allegations as asserted in Paragraph 26 of the Plaintiff's Complaint and therefore leave the Plaintiff to its burden of proof.

27. Defendants are without sufficient information to either admit or deny the allegations as asserted in Paragraph 27 of the Plaintiff's Complaint and therefore leave the Plaintiff to its burden of proof .

28. Defendants deny the allegations as asserted in Paragraph 28 of the Plaintiff's Complaint.

29. Defendants are without sufficient information to either admit or deny the allegations as asserted in Paragraph 29 of the Plaintiff's Complaint and therefore leave the Plaintiff to its burden of proof.

30. Defendants deny the allegations as asserted in Paragraph 30 of the Plaintiff's Complaint.

**COUNT I**
***(Breach of the LOI)***

31. Defendants repeat the answers and denials as asserted in Paragraphs 1 through 30 of this Answer as if set forth fully herein.

32. Defendants deny the allegations as asserted in Paragraph 32 of the Plaintiff's Complaint.

33. Defendants deny the allegations as asserted in Paragraph 33 of the Plaintiff's Complaint.

34. Defendants deny all the allegations as asserted in Paragraph 34 of the Plaintiff's Complaint.

35. Defendants are without sufficient information to either admit or deny the allegations as asserted in Paragraph 35 of the Plaintiff's Complaint and therefore leave the Plaintiff its burden of their proof.

36. Defendants are without sufficient information to either admit or deny the allegations as asserted in Paragraph 36 of the Plaintiff's Complaint and therefore leave the Plaintiff to its burden of proof.

**COUNT II**
***(Breach of Duty of Good Faith and Fair Dealing)***

37. Defendants repeat the answers and denials as asserted in Paragraphs 1 through 36 of this Answer as if set forth fully herein.

38. Defendants neither admit nor deny the allegations as asserted in Paragraph 38 of the Plaintiff's Complaint as the document speaks for itself.

39. Defendants deny the allegations as asserted in Paragraph 39 of the Plaintiff's Complaint.

40. Defendants deny the allegations as asserted in Paragraph 40 of the Plaintiff's Complaint.

41. Defendants are without sufficient information to either admit or deny the allegations as asserted in Paragraph 41 of the Plaintiff's Complaint and therefore leave the Plaintiff to its burden of proof.

**COUNT III**
***(Permanent Injunctive Relief/Specific Performance)***

42. Defendants repeat the answers and denials as asserted in Paragraphs 1 through 41 of this Answer as if set forth fully herein.

43. Defendants deny the allegations as asserted in Paragraph 43 of the Plaintiff's Complaint.

44. Defendants deny the allegations as asserted in Paragraph 44 of the Plaintiff's Complaint.

45. Defendant neither admit nor deny the statement in Paragraph 45 of the Plaintiff's Complaint as it is a request for relief.

46. Defendants are without sufficient information to either admit or deny the allegations as asserted in Paragraph 46 of the Plaintiff's Complaint and leave the Plaintiff to its burden of proof.

**COUNT IV**
***(Declaratory Judgment)***

47. Defendants repeat the answers and denials as asserted in Paragraphs 1 through 46 of this Answer as if set forth fully herein.

48. Defendants deny the allegations as asserted in Paragraph 48 of the Plaintiff's Complaint.

**COUNT V**
***(Misrepresentation against Richmond Sand and Calcagni)***

49. Defendants repeat the answers and denials as asserted in Paragraphs 1 through 48 of this Answer as if set forth fully herein.

50. Defendants deny the allegations as asserted in Paragraph 50 of the Plaintiff's Complaint.

51. Defendants deny the allegations as asserted in Paragraph 51 of the Plaintiff's Complaint.

52. Defendants deny the allegations as asserted in Paragraph 52 of the Plaintiff's Complaint.

53. Defendants deny the allegations as asserted in Paragraph 53 of the Plaintiff's Complaint.

**WHEREFORE**, the Defendants respectfully request that this Honorable Court enter judgment against the Plaintiff on all counts of the Plaintiff's Complaint denying the relief requested therein and further entering judgment in favor of the Defendants and awarding the Defendants such other and further relief as this Court deems just and equitable including all costs, expenses and attorneys' fees incurred in defending the within action.

**AFFIRMATIVE DEFENSES**

The Defendants affirmatively plead the following defenses to all counts raised in the Plaintiff's Complaint:

1. Defendants assert that the relief requested by the Plaintiff exceeds the terms and conditions of the Letter of Intent and are not provided therein.

2. Defendants assert that there was an anticipatory breach of the Letter of Intent by the Plaintiff.

3. Defendants affirmatively plead that Complaint fails to state a claim upon which relief can be granted under Rhode Island Law.

4. Defendants affirmatively plead the doctrine of waiver.

5. Defendants affirmatively plead doctrine of estoppel.

6. Defendants affirmatively plead accord and satisfaction.

7. Defendants affirmatively plead that the Plaintiff's Complaint is barred by the equitable doctrine of unclean hands.

8. Defendants affirmatively plead that the Plaintiff's Complaint is barred by the Statute of Frauds.

9. Defendants affirmatively plead that the Plaintiff's Complaint is barred due to rescission and/or revocation.

10. Defendants affirmatively plead the defense of lack of jurisdiction over the subject matter.

11. Defendants affirmatively plead the defense of fraud.

12. Defendants affirmatively plead the defense of illegality.

13. Defendants affirmatively plead the defense of impossibility.

14. Defendants affirmatively plead the defense of unjust enrichment.

15. Defendants affirmatively plead that the Plaintiff neglected to and/or refused to mitigate damages.

16. Defendants reserve the right to assert such further and additional affirmative defenses not specifically asserted herein but determined applicable as a result of discovery.

**DEFENDANTS' COUNTERCLAIMS AGAINST PLAINTIFF & GERRY LORUSSO**

**NOW COME**, the Defendants and hereby assert counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure against Plaintiff, Lorusso Corporation for its breach of the covenant of good faith and fair dealing. Moreover, the Defendants, Plaintiffs in Counterclaim, assert a claim against Gerry Lorusso for fraud and misrepresentation arising from his actions and inactions concerning the negotiations of the Letter of Intent entered into by and between the Lorusso Corporation and Richmond Sand & Gravel, Inc. Defendants assert that Gerry Lorusso is a necessary and indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

***Parties***

1. Plaintiff in Counterclaim, Richmond Sand & Gravel, Inc. (hereinafter, "Richmond Sand & Gravel" and/or "Plaintiff in Counterclaim"), is a Rhode Island corporation.

2. Plaintiff in Counterclaim, Richmond Holding Corporation, (hereinafter, "Richmond Holding" and/or "Plaintiff in Counterclaim"), is a Rhode Island corporation.

3. Plaintiff in Counterclaim, Peter Calcagni (hereinafter, "Calcagni" and/or "Plaintiff in Counterclaim") is a resident of the State of Rhode Island.

4. Defendant in Counterclaim, Lorusso Corporation (hereinafter, "Lorusso" and/or "Defendant in Counterclaim"), is a Massachusetts corporation.

5. Defendant in Counterclaim, Gerry Lorusso (hereinafter "Gerry Lorusso"), is a principal in the Lorusso Corporation and is a resident of the Commonwealth of Massachusetts.

***Jurisdiction and Venue***

6. This Honorable Court has jurisdiction and venue over this counterclaim pursuant to Rules 13, 19 and 20 of the Federal Rules of Civil Procedure.

***General Allegations***

7. On or about April 30, 2007, Richmond Sand & Gravel and Lorusso entered into a letter of intent, (hereinafter, the "LOI"), to set forth an understanding with respect to a proposed purchase of certain assets of Richmond Sand & Gravel.

8. The LOI provided a "general outline" of a transaction wherein an entity or entities formed by Lorusso would purchase certain assets of Richmond Sand & Gravel and its affiliates including certain equipment and property owned by Richmond Sand & Gravel.

9. Pursuant to the LOI, the terms and conditions of the purchase of certain assets of Richmond Sand & Gravel were to be memorialized and documented in a subsequent purchase and sales agreement to be mutually agreed upon by the parties within ninety (90) days.

10. The LOI provided that "[i]n event that the parties fail to execute a purchase and sales agreement within 90 days from the execution date hereunder, all rights and obligations herein shall cease and terminate and be of no further force or effect."

11. The parties failed to execute a purchase and sales agreement as required by the LOI; accordingly, the terms, conditions and obligations pursuant to the LOI ceased and terminated.

12. Lorusso made no attempt to memorialize the provisions of the LOI into a purchase and sales agreement nor did it effectuate the terms of the LOI. Rather, Lorusso sought to engage in deceptive tactics designed to delay, hinder and stall Richmond Sand & Gravel in order to negotiate a more beneficial transaction than that set forth in the LOI.

13. In the LOI, Lorusso was to have ninety (90) days to conduct due diligence. In fact, during the 90 day period provided for in the preamble of the LOI and paragraph 8 therein, Lorusso conducted a substantial amount of due diligence. Pursuant to the LOI, the transaction

was never contingent upon "satisfactory completion" of Lorusso's due diligence, meaning that Lorusso could not simply walk away from the transaction at the conclusion of the ninety (90) day period.

14. Prior to and during the term of the LOI, Lorusso had no intention to consummate a transaction pursuant to the LOI. Rather, its goal was to delay the transaction. A means of delay was to file this litigation in order to gain leverage, while knowing that Richmond Sand & Gravel was struggling with its lenders.

15. Lorusso is seeking to delay and stall the transaction in hopes that its tactic will frustrate Richmond Sand & Gravel's lenders and force a distress sale of the companies' assets.

16. At all times material hereto, Gerry Lorusso was responsible for and in charge of negotiating the business terms of the LOI and the acquisition of the assets of Richmond Sand & Gravel.

**COUNT I**
***(Breach of good faith and fair dealing as against Lorusso Corporation)***

17. The Plaintiffs in Counterclaim reassert and incorporate by reference Paragraphs 1 through 16 of this Counterclaim as if set forth fully herein.

18. Upon information and belief, Lorusso did not intend to consummate the transaction pursuant to the terms and conditions of the LOI, but rather intended to chill the transaction so as to frustrate Richmond Sand & Gravel and its lenders for the purpose of creating a distress sale of the assets.

19. Upon information and belief, Lorusso seeks to thwart the purchase and sale of the assets of Richmond Sand & Gravel by filing litigation as a dilatory tactic so as to obtain a more beneficial purchase price.

20. Lorusso breached the covenant of good faith and fair dealing by misrepresenting its intention in respect to the LOI and the purchase and sale agreement by requesting additional due diligence not agreed upon or provided for in the LOI and/or agreed to by the parties as a delay tactic in order to reduce the purchase price.

**WHEREFORE,** the Plaintiffs in Counterclaim demand judgment against the Defendant in Counterclaim for all damages provable at trial for Defendant in Counterclaim's breach of the covenant of good faith and fair dealing, its illegal conduct and for costs incurred as a result of Defendant in Counterclaim's actions and inactions plus attorneys' fees, costs and expenses incurred in prosecuting this instant action.

## COUNT II
***(Fraud and Misrepresentation as against Lorusso Corporation & Gerry Lorusso)***

21. The Plaintiffs in counterclaim reassert and incorporate by reference Paragraphs 1 through 20 of this counterclaim as if set forth fully herein.

22. Upon information and belief, Lorusso and Gerry Lorusso misrepresented its intentions in respect to the LOI and the purchase and sale agreement as it was not Lorusso's or Gerry Lorusso's intention to consummate the transaction pursuant to the terms and conditions of the LOI.

23. Upon information and belief, Lorusso and Gerry Lorusso have a history of "bait and switch" negotiations in which they attempt to acquire assets of similar companies by executing a letter of intent and then seeking to entrap the company by way of litigation, all in an attempt to gain leverage and reduce the purchase price.

24. Prior to entering the LOI, Lorusso and/or Gerry Lorusso had no intention of consummating the transaction as contemplated by the LOI. Rather, Lorusso and/or Gerry Lorusso sought to take advantage of Richmond Sand & Gravel's precarious financial situation.

25. Gerry Lorusso represented to Calcagni and Richmond Sand & Gravel that his proposal would be a cash transaction, meaning he would not seek bank financing, and would close as soon as possible. In reliance upon Gerry Lorusso's statements and promises, Calcagni executed the LOI.

26. Prior to the LOI and during the term of the LOI, neither Lorusso nor Gerry Lorusso had any intentions of consummating a transaction pursuant to the LOI. Rather, their goal was to frustrate the transaction and seek to obtain the assets of Richmond Sand & Gravel at a discount.

27. At all times material, Gerry Lorusso knew that Richmond Sand & Gravel was struggling with its lenders; therefore, he sought to increase his leverage by creating a situation which would cause Richmond Sand & Gravel's lenders to take adverse action against Richmond Sand & Gravel.

28. Lorusso and Gerry Lorusso perpetuated a fraud against Calcagni and Richmond Sand & Gravel and Richmond Holding Corporation by entering into a LOI that they did not intend to consummate.

**WHEREFORE,** the Plaintiffs in Counterclaim demand judgment against the Defendants in Counterclaim, Lorusso Corporation and Gerry Lorusso, for all damages provable at trial for their fraud and misrepresentation, their illegal conduct and for costs incurred as a result of Defendants in Counterclaim's actions and inactions plus attorneys' fees, costs and expenses incurred in prosecuting this instant action.

Respectfully submitted,

Defendants,

**RICHMOND SAND & GRAVEL, INC.,**
**RICHMOND HOLDING CORPORATION** ***and***
**PETER CALCAGNI**

By their Attorneys,

Michael A. Kelly, Esq. (#2116)
John O. Mancini, Esq. (#6061)
55 Pine Street, Suite 5000
Providence, RI 02903
Ph. (401) 490-7334
Fax (401) 490-7874
www.maklawfirm.com

Dated September 19, 2007

**CERTIFICATION**

I hereby certify that I caused a true and accurate copy of the within Answer to be sent electronically, on this 19 day of September, 2007 to Robin Main, Esq., Hinckley, Allen & Snyder LLP, 50 Kennedy Plaza, Providence, Rhode Island 02903.

**PLAINTIFFS IN COUNTERCLAIM DEMAND TRIAL BY JURY ON ALL COUNTS TRIABLE AND DESIGNATE MICHAEL A. KELLY, ESQUIRE AS TRIAL COUNSEL**