**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| LORUSSO CORPORATION,<br><br>Plaintiff,<br><br>v.<br>RICHMOND SAND AND GRAVEL, INC., RICHMOND HOLDING CORPORATION, and PETER CALCAGNI,<br><br>Defendants.<br>v.<br>GERRY LORUSSO | C.A. No. 07 -313ML |

**ANSWER TO COUNTERCLAIM AGAINST LORUSSO CORPORATION AND CLAIM AGAINST GERRY LORUSSO**

Lorusso Corporation (the "Corporation") and Gerry Lorusso ("Mr. Lorusso") (collectively, the Corporation and Mr. Lorusso are referred to herein as (the "Parties")) answer the counterclaim and claim as follows:

1. The Parties admit the allegations asserted in Paragraph 1.

2. The Parties admit the allegations asserted in Paragraph 2.

3. The Parties admit the allegations asserted in Paragraph 3.

4. The Parties admit the allegations asserted in Paragraph 4.

5. The Parties admit the allegations asserted in Paragraph 5.

6. The allegations in Paragraph 6 assert a legal conclusion to which no response is required. To the extent a response is required, the Parties are without sufficient information to either admit or deny the allegations as asserted in Paragraph 6 and therefore leave the Counterclaim Plaintiffs/claimants to their burden of proof.

7. The Parties neither admit nor deny the allegations asserted in Paragraph 7 as the document speaks for itself. To the extent a response is required, the Parties admit that there is a LOI and deny the remaining allegations.

8. The Parties neither admit nor deny the allegations asserted in Paragraph 8 as the document speaks for itself. To the extent a response is required, the Parties deny the allegations.

9. The Parties neither admit nor deny the allegations asserted in Paragraph 9 as the document speaks for itself. To the extent a response is required, the Parties admit that there is to be a purchase and sales agreement but deny the remaining allegations.

10. The Parties neither admit nor deny the allegations asserted in Paragraph 10 as the document speaks for itself.

11. The Parties deny the allegations in Paragraph 11.

12. The Parties deny the allegations in Paragraph 12.

13. The Parties deny the allegations in Paragraph 13.

14. The Parties deny the allegations in Paragraph 14.

15. The Parties deny the allegations in Paragraph 15.

16. The Parties deny the allegations in Paragraph 16.

17. The Parties repeat and incorporate by reference the responses set forth in Paragraphs 1-16 of the Counterclaim.

18. The Corporation denies the allegations in Paragraph 18. These allegations are not directed against Mr. Lorusso and therefore no response is required.

19. The Corporation denies the allegations in Paragraph 19. These allegations are not directed against Mr. Lorusso and therefore no response is required.

20. The Corporation denies the allegations in Paragraph 20. These allegations are not directed against Mr. Lorusso and therefore no response is required.

21. The Parties repeat and incorporate by reference the responses set forth in Paragraphs 1-20 of the Counterclaim.

22. The Parties deny the allegations in Paragraph 22.

23. The Parties deny the allegations in Paragraph 23.

24. The Parties deny the allegations in Paragraph 24.

25. The Parties deny the allegations in Paragraph 25.

26. The Parties deny the allegations in Paragraph 26.

27. The Parties deny the allegations in Paragraph 27.

28. The Parties deny the allegations in Paragraph 28.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM AND CLAIM

1. The claims fail to state any claim upon which relief can be granted.

2. The claims are barred by the doctrine of unclean hands.

3. The claims are barred by the doctrines of waiver and estoppel.

4. The Court lacks jurisdiction over the claims.

5. The claims are barred by reason of the Counterclaim Plaintiffs'/claimants' inequitable conduct.

6. The Counterclaim Plaintiffs/claimants have not mitigated any damages.

7. The Parties deny that Gerry Lorusso is a necessary and indispensable party.

8. The Court lacks personal jurisdiction over Gerry Lorusso.

9. The relief requested by the Counterclaim Plaintiffs/claimants exceed and/or are different from the terms and conditions of the Letter of Intent.

10. The relief requested is barred by consent, acquiescence and laches

11. The Counterclaim Plaintiffs/claimants have failed to plead fraud with specificity.

12. The Parties plead the defense of fraud.

13. The Parties plead the defense of accord and satisfaction.

14. The Parties reserve the right to add additional affirmative defenses as they may arise from discovery.

WHEREFORE, the Parties respectfully request that this Court: (1) enter judgment against the Counterclaim Plaintiffs/claimants on all counts denying the relief requested therein; (2) enter judgment in favor of the Parties; and (3) award the Parties such other and further relief as this Court deems just and equitable, including all costs and attorneys' fees.

**THE PARTIES CLAIM A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

On behalf of:
Lorusso Corporation and Gerry Lorusso

By their Attorney,

/s/ Robin L. Main
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600

## CERTIFICATION

I hereby certify that I caused a true and accurate copy of the within Answer to the Counterclaim/claim to be sent electronically, on this 9th day of October, 2007 to Michael A. Kelly and John O. Mancini, 55 Pine Street, Suite 5000, Providence, RI 02903

/s/ Robin L. Main